**UNITED STATES of America,**
**Appellee,**

v.

**Ruben SENCION, Raymond Anthony Resto, aka Zo De Tone, Joaquin Candelario, aka Buckwheat, Defendants,**

**Juan Lajara, aka Chubbs,**
**Defendant–Appellant.**

**Docket No. 01–1370.**

United States Court of Appeals,
Second Circuit.

April 26, 2002.

Jay K. Musoff, Assistant United States Attorney, (David Raymond Lewis, Assistant United States Attorney; James B. Comey, United States Attorney, on the brief), S.D.N.Y., New York, NY, for Appellee.

Don Buchwald, Law Offices of Don Buchwald, New York, NY, for Defendant–Appellant.

Present VAN GRAAFEILAND, JACOBS and CALABRESI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

As a result of a federal investigation into the "Lajara/Resto Organization," Juan Lajara ("Lajara") was charged and convicted pursuant to two separate indictments. In 1999, Lajara pled guilty before Judge Martin in federal district court in the Southern District of New York to conspiring to possess with intent to distribute five kilograms and more of cocaine and one kilogram and more of heroin, in violation of 21 U.S.C. § 846, and was sentenced to 135 months' imprisonment.

Approximately two years later, in the instant case, Lajara pled guilty before Judge Rakoff to racketeering in violation of 18 U.S.C. § 1962(c). Two predicate acts were enumerated: a December 1997 conspiracy to murder James Kevin Davis and a Spring 1997 conspiracy to kidnap "Frank."

In the Presentence Report ("PSR") in the instant case, the Probation Department determined that the two predicate acts were to be treated as if they were separate counts of conviction, and not grouped pursuant to U.S.S.G. § 3D1.2. The applicable offense level for "Racketeering Act One"—conspiracy to murder—was calculated to be forty-three. With respect to "Racketeering Act Two"—conspiracy to kidnap—the Probation Department concluded that because the victim was kidnapped during the commission of another crime, namely, possession with in-

tent to distribute one kilogram of cocaine, the offense level was determined by adding four levels to the offense level applicable to that underlying crime, which in this case was twenty-six. U.S.S.G. § 2A4.1(b)(7)(B). The PSR then added two additional levels because a dangerous weapon was used during the offense, resulting in an adjusted offense level of thirty-two for Racketeering Act Two. U.S.S.G. § 2D1.1(b)(1).

Applying the grouping rules for multiple counts, U.S.S.G. § 3D1.4, the Probation Department assigned one unit to the adjusted offense level for Racketeering Act One. The PSR assigned no units to the adjusted offense level for Racketeering Act Two, because the offense level for Act Two was more than nine levels less than the offense level for Act One. U.S.S.G. § 3D1.4(c). The kidnapping count therefore dropped out of the Guidelines calculation, and the resulting offense level was forty-three. Three levels were then subtracted for timely acceptance of responsibility, yielding an overall adjusted offense level of forty. The Probation Department also concluded that Lajara's criminal history category was II.

The sentencing range corresponding to offense level forty and criminal history category II is 324 to 405 months' imprisonment. The PSR did not state this range, but simply recommended that the district court sentence Lajara to the mandatory maximum sentence for the offense, or twenty years. The PSR also suggested that the sentence run concurrently with the sentence imposed by Judge Martin.

Judge Rakoff sentenced Lajara on June 22, 2001. The court stated that it agreed with the PSR that "the total offense level is 40, the Criminal History Category is Roman numeral II, and therefore the guideline sentence ... would be ... 324 to 405 months," and that the statutory maxi-

mum reduced that sentence to twenty years.

The court then addressed Lajara's request that the sentence run concurrently with the sentence imposed by Judge Martin, of which Lajara had at that point served only thirty-six months. Guideline § 5G1.3(b) states that if a defendant is subject to an undischarged term of imprisonment, and "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment." In *United States v. Garcia–Hernandez,* 237 F.3d 105, 108–10 (2d Cir. 2000), this Court held that, in order for a prior offense to be "fully taken into account" by the sentencing court, the conduct underlying that offense must play a role in the determination of the defendant's offense level. Generally, this will mean that the prior offense will be considered as "relevant conduct." More recently, in *United States v. Williams,* 260 F.3d 160, 166–68 (2d Cir.2001), we further clarified that the prior offense conduct must not only qualify *theoretically* as relevant conduct, but must *actually* be considered by the sentencing court in its Guidelines calculations.

■ The question on appeal is whether the conduct for which Lajara was sentenced by Judge Martin was "fully taken into account" in the instant case by Judge Rakoff in calculating the applicable sentence. Lajara contends that Judge Rakoff considered the prior offense as relevant conduct, citing, *inter alia,* plea agreement stipulations and the PSR's recommendation that the sentences run concurrently.

There is no evidence, however, that the district court actually considered the prior

offense as relevant conduct in its determination of the offense level of forty. The court simply adopted the PSR's suggested offense level, which was itself based solely upon the two predicate acts of the racketeering charge. Certainly the district court *could* have considered the prior drug conduct as relevant conduct, but it did not. Under *Williams,* the fact that the conduct qualifies theoretically as relevant conduct is not sufficient; the conduct must be considered in fact.

The government essentially concedes that the one kilogram of cocaine that was taken into account in the calculation of the offense level for "Racketeering Act Two" was also considered by Judge Martin in the earlier drug conspiracy case. Lajara's possession of this one kilogram, however, was only *part* of the conduct considered by Judge Martin, and therefore the drug-related conduct for which Lajara was sentenced in that case was not *"fully"* taken into account" by Judge Rakoff. Under § 5G1.3(b), therefore, concurrent sentences were not mandated.

█ Judge Rakoff sentenced Lajara to twenty years' imprisonment. He ordered that two years of this were to be served concurrently with the prior sentence from Judge Martin, pursuant to Policy Statement § 5G1.3(c), which recognizes the court's discretion to run sentences consecutively, concurrently or partially concurrently whenever there is an undischarged term of imprisonment and subsections (a) and (b) do not apply.[1] The court's decision to run the sentences concurrently only for this period of time was not an abuse of discretion.

We have considered all of appellant's other arguments and find them to be meritless. Accordingly, we AFFIRM the sentence of the district court.

---

1. U.S.S.G. § 5G1.3(a) does not apply in this case. It states that "[i]f the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment."